**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CALLAWAY BLUE BOTTLING, LLC | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | No. 4:25-CV-177-CDL |
| BUSSE/SJI, LLC | ) ) | |
| Defendant. | ) ) | |

**CONSENT PROTECTIVE ORDER**

Plaintiff Callaway Blue Bottling, LLC and Defendant Busse/SJI, LLC (collectively, the "Parties" and each individually a "Party"), by and through their undersigned counsel, filed a Consent Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 5.4(D). For good cause shown, the Motion is granted, and this Consent Protective Order shall be entered as follows:

This Order shall govern the exchange of certain information by the Parties to this action and the production of certain information by any non-Party to any Party in connection with this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      This Order shall apply to all documents or information that at least one Party or non-Party considers to be or to contain information which constitutes,

confidential, proprietary and/or sensitive business information meeting the definitions set forth in this Order.

2.      "Discovery Material" shall mean deposition testimony, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, responses to subpoenas, all other discovery taken pursuant to Federal Rule of Civil Procedure 26, and any other documents, information, or other tangible thing or oral testimony exchanged by or among the Parties in this action or produced by any non-Party in this action.

3.      "Designating Person" refers to a Party or a non-Party responding to discovery in this action who designates Discovery Material as "Confidential."

4.      "Personal Data" shall mean any information related to, reflecting, associated with, or identifying a natural person, that a Designating Person believes in good faith to be subject to federal, state, or foreign data privacy or data protection laws or other privacy obligations that require special protections.

5.      Discovery Material may be designated as "Confidential" when a Designating Person believes in good faith it contains non-public technical, marketing, sales, or other proprietary business information; personal or business financial or banking information; human resources records; sensitive personal information; or commercially sensitive information.

6.      When producing "Confidential" documents, the Designating Person shall mark each page of the document containing confidential information with a stamp identifying it as "Confidential." Any materials that cannot be so marked on their face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. If an entire multi-page document is to be treated as "Confidential," each page of such document should be marked.

7.      Where possible, a party shall designate only that part of a document or thing that is "Confidential," rather than the entire document or deposition.

8.      All documents and things—including attorney notes and briefs—that contain "Confidential" information must be handled as if they were so designated, provided that nothing in this Order shall be construed to prevent Counsel from retaining such information as part of their file after conclusion of the case.

9.      All "Confidential" Discovery Material disclosed in this action, including all information derived therefrom, shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, and shall not be used by the receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Party to anyone other than those authorized in this Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of this Court.  Nothing

contained in this Order shall preclude any Party from using its own "Confidential" Discovery Material in any manner it sees fit.  If a party publicly disseminates its own "Confidential" Discovery Material, such information shall no longer be subject to this Protective Order.

10.    Documents and things that are filed with the Court and contain "Confidential" information shall be filed under seal in accordance with the Local Rules of the United States District Court for the Middle District of Georgia, and the Orders Regarding Confidentiality section of the Rule 16-26 Order, *See* Doc. 6. Unless otherwise ordered by the Court, redacted filings should be prepared in compliance with Local Rule 5.4, which requires redaction of certain personal information. The Court may order that filings be made under seal without redaction and may later unseal such filings or require a redacted version for the public record.

11.    The Parties shall work in good faith to redact Discovery Material to protect against the disclosure of any "Confidential" information so that the redacted Discovery Material can be publicly used in court.

12.    A party who seeks to introduce information designated as "Confidential" information at a hearing, trial, or other proceeding shall notify the party who designated the material as protected and that the opposing party plans to use the material at least ten (10) days before the hearing, trial, or other proceeding. The designating party may object to public disclosure and file a motion to seal the

materials no later than three (3) days after receiving the notice, and the opposing party shall have three (3) days after the motion to seal is filed to respond. If practical, the party introducing the "Confidential" information shall redact any non-necessary "Confidential" information prior to introduction.

13.    Within thirty (30) days after receipt of the transcript of the deposition of any Party or witness in this action, a Party or non-Party may designate as "Confidential" any portion of the transcript that satisfies the criteria set forth in Paragraph 5 above.  Unless otherwise agreed by the Parties, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period. Upon being informed that certain portions of a deposition are to be designated as "Confidential", all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

14.    Use or disclosure of any Discovery Material marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated by counsel or authorized by the Court:

a.    Outside counsel of record for the Parties.

b.    In-house or specially-retained counsel for the Parties.

c.    Any Party to this action who is an individual, and every employee, director, officer, or manager of any Party to this action who is not an

individual, but only to the extent necessary to further the interest of this litigation, and only where such Party or Party's agent shall agree to be bound by the terms of this Agreement by signing the agreement attached as Exhibit A.

d.  Expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this action, but only to the extent necessary to perform services in connection with this action and only where such expert shall agree to be bound by the terms of this Agreement by signing the agreement attached as Exhibit A.

e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties in connection with this action.

f.  The author and the original recipients of any Confidential document, with such person's access to be restricted to the specific Confidential document authored or received by that individual and information contained therein.

g.  Any court reporter or videographer reporting a deposition in this action.

h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the Parties in connection with this action.

i.  The administrative staff of outside counsel's firms or each in-house or specially-retained counsel.

j.  Mediators assigned by the Court or engaged by the Parties in connection with this action.

k.  Any other person as to whom the Parties first agree in writing and who executes an agreement in the form of Exhibit A hereto.

15.    Each Party reserves the right to dispute the confidential status claimed by any other Party or non-Party in any Discovery Material in accordance with this Order. In such a situation, the following procedure shall apply:

Counsel for the objecting Party shall serve on the Designating Person a written objection to such designation, which shall describe with particularity the Discovery Material in question and shall state the grounds for objection. Counsel for the Designating Person shall respond in writing to such objection within fifteen (15) days following receipt of the written objection, and shall state with particularity the grounds for asserting that the Discovery Material is entitled to protection as "Confidential." If no timely written response is made to the objection, the challenged designation will be deemed to be void, *i.e.*, the Discovery Material will no longer be designated. If the Designating Person makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

If a dispute as to a "Confidential" designation of Discovery Material cannot be resolved by agreement, then any Party or non-Party, including the Designating Person, may move the Court to do so. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. Designations shall be sustained by the Court for good cause shown in accordance with the standards of Federal Rule of Civil Procedure 26(c) and Local

Rule 5.4(D). The Party claiming confidentiality shall at all times have the burden of establishing its entitlement to "Confidential" treatment of any Discovery Material in dispute.

16.    The inadvertent failure to designate Discovery Material as "Confidential" prior to disclosure shall not operate as a waiver of the Party's right to later provide written notice designating the Discovery Material as "Confidential." Such notice shall constitute a designation of the information or document under this Order. Upon receipt of such notice, the receiving Party shall: (i) not make any further disclosure or communication of such newly designated Discovery Material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any Discovery Material with the original designation (or lack of designation) and alert those persons to the effect of such a change in designation under this Order; and (iii) for Discovery Material newly designated as "Confidential," promptly retrieve or have destroyed all copies and transcriptions of such originally designated (or undesignated) Discovery Material from any persons known to have possession of such Discovery Material who are not authorized under Paragraph 10 of this Order. Properly marked documents, reflecting the new designations, shall be promptly provided by the Designating Person. The receiving Party shall not be subject to sanction for any use or disclosure of Discovery Material prior to being notified of the "Confidentiality" designation.

17.     If "Confidential" Discovery Material is used inadvertently during this action, including at depositions, inconsistent with or in contravention of other provisions of this Order, the Discovery Material shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent use.

18.     If "Confidential" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall, within five (5) calendar days of learning of such disclosure, inform the Designating Person of all pertinent facts relating to such disclosure. As soon as possible thereafter, the Parties shall use reasonable efforts to obtain the prompt return of any such "Confidential" Discovery Material and have each unauthorized person who received such "Confidential" Discovery Material execute the agreement included as Exhibit A hereto.  The requirements set forth in this Paragraph shall not prevent the Designating Person from requesting that the Party responsible for the inadvertent disclosure take additional remedial steps and/or applying to the Court for additional relief.

19.     No information contained in Discovery Material shall be deemed or considered to be "Confidential" under this Order if it meets any of the following descriptions: (a) it has been obtained directly from a public domain source; (b) it is obtained by the receiving Party through proper means, i.e., was lawfully in the

Party's possession prior to receiving the Discovery Material under the provisions of this Order; (c) it was, is, or becomes available to the public through no fault of the receiving Party; (d) it is discovered independently by the receiving Party by means that do not constitute a violation of this Order; (e) it is or becomes available to a Party from a source other than the Party asserting confidentiality, and that source is rightfully in possession of such information on a non-confidential basis; or (f) it was adjudicated as not subject to protection from disclosure by this Court. In the event that any "Confidential" Discovery Material is publicly disclosed by a Party other than the Designating Person, and that Discovery Material has otherwise properly been designated "Confidential" as described in this Order, the burden shall be on the Party making the disclosure to prove that the Discovery Material meets the criteria of this Paragraph.

20. Nothing in this Order is intended to constitute a finding by this Court that Discovery Material designated as "Confidential" is or is not confidential. A designation by any Party of Discovery Material as "Confidential" is not intended to be, and shall not be used or characterized by any Party as, an admission by another Party that the Discovery Material so designated is confidential. The failure of any Party to designate Discovery Material as "Confidential," and the failure to object to any such designation, is not intended to be, and shall not be used or characterized by any Party as, an admission by another Party that the Discovery Material so

designated is not confidential. The Parties agree that a designation of Discovery Material as "Confidential" is not intended to be and shall not be construed as an admission that such Discovery Material (a) is relevant to a Party's claims or defenses, (b) is in fact confidential or in fact contains confidential information, or (c) is otherwise subject to an applicable privilege or protection. Nothing in this Order shall be deemed an admission that any particular Discovery Material is entitled to protection under this Order or any other law.  No Party may introduce into evidence in any proceeding among the Parties, other than a motion to determine whether the Order covers the Discovery Material in dispute, the fact that the other Party designated or failed to designate Discovery Material as "Confidential."

21.    Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to their client with respect to this litigation and, in the course thereof, referring to or relying in a general way upon her examination of "Confidential" Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the contents of any "Confidential" Discovery Material produced by another Party or non-Party herein if such disclosure would be contrary to the terms of this Order.

22.    This Order involves only the relative rights and obligations of the Parties as to the confidentiality of any Discovery Material in this action.  This Order

does not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any "Confidential" Discovery Material.

23.    Nothing in this Order shall require a person receiving "Confidential" Discovery Material to risk judicial, administrative, or legislative sanction if such Discovery Material is subpoenaed, demanded, requested, or otherwise asked for by any court, administrative, legislative or other governmental body, or any other person purporting to have authority to subpoena, demand, or request such material. In such an event, the person receiving a subpoena, demand, or request shall give written notice by email of the subpoena, demand, or request (including the delivery of a copy thereof) to the attorney for the Designating Person, within such time as is practical under the circumstances. In the event that a subpoena, demand, or request purports to require production of such Discovery Material on less than five (5) days' notice, the person to whom the subpoena, demand, or request is directed shall give immediate telephonic notice of the receipt of the subpoena, demand, or request and forthwith deliver a copy thereof to the attorney for the Designating Person by email.

24.    Upon the request of the producing Party or non-Party, within sixty (60) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Plaintiff and Defendant to resolve amicably and settle this case, the Parties shall return to the producing Party or non-Party, or destroy, all Discovery Material subject to this Order. Returned

materials shall be delivered to respective counsel in sealed envelopes marked "Confidential." Notwithstanding the foregoing, outside counsel of record for a Party may retain archival copies of "Confidential" Discovery Material.

25.    The Court shall retain jurisdiction over all persons and organizations authorized under Paragraph 10 to receive "Confidential" information for the limited purpose of enforcing the rights and obligations set forth in this Order, including those in the preceding paragraph relating to return or destruction of information, if requested, at the conclusion of the case.

26.    This Order shall not constitute a waiver of any Party or non-Party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

27.    Nothing in this Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court. These restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and the Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Order.

28.    Nothing in this Order shall prevent any Party from applying to the Court for further or additional protective orders or for modification of this Order, or from

agreeing with the other Parties to modify the terms of this Order, subject to the Court's approval.

      **IT IS SO ORDERED** this 21st day of May, 2026.

S/Clay D. Land
_____

CLAY D. LAND
U.S. District Judge
Middle District of Georgia

**Order Consented to by:**

**KREVOLIN & HORST, LLC**

*/s/ Kana A. Caplan*
Kana A. Caplan
Georgia Bar No. 612805
caplan@khlawfirm.com
Barclay H. Vallotton
Georgia Bar No. 917852
vallotton@khlawfirm.com
Rahul Garabadu
Georgia Bar No. 553777
garabadu@khlawfirm.com
1201 W. Peachtree Street, NW
Suite 3500
Atlanta Georgia 30309
(404) 888-9700
Telephone: (404) 888-9700
Facsimile: (404) 888-9577

*Counsel for Defendant Busse/SJI, LLC*

**WALDREP, MULLIN & CALLAHAN, LLC**

*/s/ C. Morris Mullin*
C. Morris Mullin
Georgia Bar No. 528550
cmm@waldrepmullin.com
David C. Rayfield
Georgia Bar No. 596706
davidrayfield@waldrepmullin.com
111 Twelfth Street, Suite 300
Post Office Box 351
Columbus, Georgia 31902-0351
T: (706) 320-0600
F: (706) 320-0622

*Counsel for Plaintiff*

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Middle District of Georgia on_____

_____[DATE] in the case of *Callaway Blue Bottling, LLC vs. Busse/SJI, LLC,*

Civil Action File No. 4:25-CV-177-CDL. I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Middle District of Georgia for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed Name: _____

Signature: _____